**IN THE SUPREME COURT OF ALABAMA**

| | |
|---|---|
| EX PARTE: JEFFERY LEE | ) |
| | ) |
| In re: State of Alabama, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1021971 |
| | ) |
| Jeffery Lee, | ) |
| | ) |
| Respondent. | ) |

## STATE OF ALABAMA'S MOTION TO SET AN EXECUTION DATE

Pursuant to Rule 8(d)(1) of the Alabama Rules of Appellate Procedure, the State of Alabama respectfully moves this Honorable Court to issue an order authorizing the execution of Jeffery Lee's lawfully imposed sentence of death. In support of this motion, the State offers the following:

Jeffery Lee, commonly referred to as "Jeffrey Lee," has been on death row for twenty-five years. On December 12, 1998, Lee walked into Jimmy's Pawn Shop with a sawed-off shotgun, shot Jimmy Ellis, shot Elaine Thompson in the face, shot Helen King, and then shot Ellis again. Both Ellis and Thompson died as a result of Lee's attack. King survived by pretending to be dead. Lee tried to steal the cash register but was

unsuccessful. As a result of the robbery-murder, Lee was convicted of two violations of section 13A-5-40(a)(2) of the Code of Alabama, one violation of section 13A-5-40(a)(10), and one violation of section 13A-4-2 for the attempted murder of King. *Lee v. State*, 898 So. 2d 790, 808 (Ala. Crim. App. 2001).

Because Lee has exhausted his conventional appeals, the State seeks execution of his duly adjudicated death sentence. In June 2018, Lee elected nitrogen hypoxia as his method of execution. The Alabama Department of Corrections (ADOC) is prepared to carry out his execution by this method.

**I.    Lee has fully exhausted his appeals.**

**A.    Statement of the facts**

The following summary of the facts is taken from the 2012 opinion of the federal district court:

On the morning of December 12, 1998, after an all-night binge of drinking alcohol, smoking marijuana and ingesting cocaine, Jeffery Lee went with his brother and cousin to Jimmy's Pawn Shop, just outside of Orrville, Alabama. The ostensible purpose of this outing was for Lee to purchase a ring for his girlfriend. Upon entering the shop, Lee perused the jewelry on display. He asked one of the employees, Helen King, about wedding rings, and told her that he did not have any money, but that he would come back when he got money from his grandmother. Lee then purchased a pint of liquor and left the

2

premises. The three men drove up the street and parked the car, at which time Lee consumed the liquor and smoked a marijuana cigarette laced with cocaine.

Minutes later, they returned to Jimmy's Pawn Shop. This time, things were different. Lee walked into the shop and exclaimed, "What's up motherfucker?" Without warning, and before anyone in the store could react, he immediately raised a sawed-off shotgun and fired repeatedly and without hesitation at the store's owner, Jimmy Ellis, and its two employees, King and Elaine Thompson. Lee then milled about the shop. He approached the cash register and attempted to dislodge it, but was unsuccessful. When Lee finally walked out of Jimmy's Pawn Shop, he left the murder weapon sitting on the store's counter. He also left a trail of bloody carnage in his wake. Ellis lay dead of multiple shotgun blasts, including a fatal shot to the chest. Thompson lay dead of a shotgun blast to the face at close range. The third victim, King, was wounded, but still alive. She lay on the floor and pretended to be dead until Lee left the store, at which time King got up, locked the front door, and called 911. Lee returned and attempted to enter the store again (presumably to retrieve the shotgun); however, he could not do so because the door was locked. Lee was long gone from the crime scene by the time authorities arrived.

Lee and his two associates (who had been waiting outside during the killings) visited briefly with family members, then fled to Newnan, Georgia, where they rented a motel room. Later that day, Lee parted company with his brother and cousin. Those individuals returned home to Alabama, while Lee remained holed up in the hotel. Lee was apprehended by law enforcement officers at 4:30 a.m. on the morning of December 13, 1998, in Coweta County, Georgia, and signed a written confession shortly thereafter.

3

*Lee v. Thomas*, 1:10-cv-00587, 2012 WL 1965608, at *1 (S.D. Ala. May 30, 2012).

## B.    Procedural history

After finding Lee guilty, the jury recommended life without parole by a 7 to 5 vote, but the trial court overrode and sentenced Lee to death for the capital convictions as well as life for the attempted murder conviction. *Lee*, 898 So. 2d at 808-09. On direct appeal, the Alabama Court of Criminal Appeals (ACCA) initially remanded the matter for a revised sentencing order. *Id.* at 808. ACCA affirmed Lee's convictions and sentences on return to remand, *id.* at 874, and this Court denied certiorari, *Ex parte Lee*, 898 So. 2d 874 (Ala. 2004), as did the United States Supreme Court, *Lee v. Alabama*, 543 U.S. 924 (2004) (mem.).

Lee filed a petition for postconviction relief pursuant to Rule 32 of the Alabama Rules of Criminal Procedure on February 1, 2005. R32 C. 13-117.[1] With approval of the circuit court, Lee then filed an amended Rule 32 petition. R32 C. 202-315. The State answered and moved to dismiss facially meritless and insufficiently pleaded claims. R32 C. 637-750. The circuit court summarily denied Lee's amended petition on

---

1. "R32 C." citations refer to the Rule 32 clerk's record.

4

August 28, 2007. R32 C. 1005-142. ACCA affirmed, *Lee v. State*, 44 So. 3d 1145, 1176 (Ala. Crim. App. 2009), and this Court denied certiorari, *Ex parte Lee*, 1090383 (Ala. Feb. 19, 2010).

Lee then filed a 28 U.S.C. § 2254 petition in the Southern District of Alabama. *Lee*, 2012 WL 3137901, at *4. The district court denied the petition in its entirety but granted Lee a certificate of appealability on three issues. *Id.* at *67. The Eleventh Circuit Court of Appeals affirmed the denial, *Lee v. Comm'r, Ala. Dep't of Corr.*, 726 F. 3d 1172, 1228 (11th Cir. 2013), and the United States Supreme Court denied certiorari, *Lee v. Thomas*, 572 U.S. 1015 (2014) (mem.).

## C.    Method-of-execution challenge and further litigation

On April 14, 2016, Lee filed a successive Rule 32 petition. SR32 C. 5-17.[2] The State filed a motion to dismiss the petition as procedurally barred. SR32 C. 41-66. The circuit court dismissed the petition on August 5, 2016. SR32 C. 175-79. ACCA affirmed, *Lee v. State*, 244 So. 3d 998, 1004 (Ala. Crim. App. 2017), and this Court denied certiorari, *Ex parte Lee*, 1160675 (Ala. Aug. 25, 2017), as did the United States Supreme Court, *Lee v. Alabama*, 584 U.S. 915 (2018) (mem.).

---

2. "SR32 C." citations refer to the successive Rule 32 clerk's record.

On September 8, 2016, Lee filed a 42 U.S.C. § 1983 challenge to ADOC's midazolam protocol in the Southern District of Alabama. Complaint, *Lee v. Dunn, et al.*, 1:16-cv-00473 (S.D. Ala. July 20, 2018), ECF 1. The complaint was dismissed on the parties' motion in 2018 after Lee elected nitrogen hypoxia. Order, *Lee*, 1:16-cv-00473 (S.D. Ala. July 20, 2018), ECF 37.

Lee's only present litigation is a § 1983 action pending in the Middle District of Alabama concerning the constitutionality of nitrogen hypoxia. On August 22, 2025, Lee and seven other death row inmates filed similar § 1983 complaints. Complaint, *Lee v. Hamm, et al.*, 2:25-cv-00680 (M.D. Ala. Aug. 22, 2025), ECF 1. Initially, Lee's action was consolidated with six of the others, but it is now operating under an expedited timeline with a bench trial set for April 27, 2026. Order, *Lee v. Hamm, et al.*, 2:25-cv-00680 (M.D. Ala. Jan. 29, 2026), ECF 36. The existence of this federal litigation should not prevent this Court from authorizing Lee's execution, as there are currently no stays of execution in place and Lee has asserted that he does not intend to seek a preliminary injunction in the district court.

6

## CONCLUSION

Lee has exhausted his conventional appeals. As such, it is time for his sentence to be carried out. Pursuant to Rule 8(d)(1) of the Alabama Rules of Appellate Procedure, the State requests that this Court issue an order authorizing the Governor to set a timeframe for the execution of Lee's lawful sentence of death.

Respectfully submitted,

Steve Marshall
*Attorney General*

Paxton B. Weeks

Paxton B. Weeks
*Assistant Attorney General*

Polly S. Kenny
*Assistant Attorney General*

Lauren A. Simpson
*Deputy Attorney General*

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
(334) 242-7300
Paxton.Weeks@AlabamaAG.gov
Polly.Kenny@AlabamaAG.gov
Lauren.Simpson@AlabamaAG.gov

7

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the word limitation set forth in ALA. R. APP. P. 27(d) and 32(b)(5). The motion contains 1,345 words, including all headings, footnotes, and quotations, and excluding the parts of the motion exempted under ALA. R. APP. P. 32(c).

I certify that this motion complies with the font requirements set forth in ALA. R. APP. P. 32(a)(7). The motion was prepared in 14-point Century Schoolbook font.

Paxton B. Weeks
*Assistant Attorney General*

Polly S. Kenny
*Assistant Attorney General*

Lauren A. Simpson
*Deputy Attorney General*

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
(334) 242-7300
Paxton.Weeks@AlabamaAG.gov
Polly.Kenny@AlabamaAG.gov
Lauren.Simpson@AlabamaAG.gov

8

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2026, I filed the foregoing with the Clerk of the Court. I also served a copy of the foregoing on Jeffery Lee by United States Mail, first-class postage prepaid and addressed as follows:

Jeffery Lee, Z674
William C. Holman Correctional Facility
866 Ross Road
Atmore, Alabama 36502

Additionally, I served a copy upon counsel for Lee by electronic mail, addressed as follows:

Angelique A. Ciliberti: angelique.ciliberti@arnoldporter.com
Kevin Cline: kevin.cline@arnoldporter.com
Paige Sharpe: paige.sharpe@arnoldporter.com
Anna K. Thompson: anna.thompson@arnoldporter.com

Paxton B. Weeks
*Assistant Attorney General*
Polly S. Kenny
*Assistant Attorney General*
Lauren A. Simpson
*Deputy Attorney General*

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
(334) 242-7300
Paxton.Weeks@AlabamaAG.gov
Polly.Kenny@AlabamaAG.gov
Lauren.Simpson@AlabamaAG.gov

9