# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

|  |  |  |
|---|---|---|
| JEFFERY LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  2:25-cv-00680-ECM |
| | ) | |
| JOHN Q. HAMM, | ) | |
| Commissioner, Alabama | ) | |
| Department of Corrections, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TERRY RAYBON, Warden, | ) | |
| Holman Correctional Facility, | ) | |
| | ) | |
| Defendants. | ) | |

---

## DEFENDANTS' ANSWER TO PLAINTIFF LEE'S
## FIRST AMENDED COMPLAINT

---

Steve Marshall
*Alabama Attorney General*

Polly S. Kenny
*Assistant Attorney General*

Lauren A. Simpson*
*Deputy Attorney General*
 *Counsel of Record

Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130-0152
Tel: (334) 242-7300
Lauren.Simpson@AlabamaAG.gov

February 9, 2026


PLAINTIFF
EXHIBIT
P0001

Come now Defendants and answer Plaintiff Jeffery Lee's First Amended Complaint as follows. Any allegation in said complaint not expressly admitted is denied.

## RESPONSE TO PRELIMINARY STATEMENT

1. Paragraph 1 is admitted to the extent that the State of Alabama has adopted nitrogen hypoxia as a statutory method of execution, that the current execution protocol was adopted in August 2023, and that when an inmate is executed by this method, he breathes nitrogen instead of the usual atmospheric mix of gases until he loses consciousness and dies.

2. Paragraph 2 is denied. As of February 2026, eight inmates (seven in Alabama and one in Louisiana) have been executed by nitrogen hypoxia. While Defendants admit that lay witnesses to these executions often reported movement and "gasping," Defendants deny that these movements were indicative of pain, terror, or consciousness.

3. Paragraph 3 is generally admitted, though Defendants deny that Lee is entitled to relief on his claims.

4. Paragraph 4 is admitted to the extent that Lee is challenging the State's method of execution. Defendants deny that Lee is entitled to relief on his claims.

## RESPONSE TO JURISDICTION AND VENUE

5. Paragraph 5 is admitted.

2

6. Paragraph 6 is admitted.

7. Paragraph 7 is admitted.

## RESPONSE TO PARTIES

8. Paragraph 8 is admitted.

9. Paragraph 9 is admitted.

10. Paragraph 10 is admitted.

11. Paragraph 11 is admitted.

12. Paragraph 12 is admitted. Defendants deny that nitrogen hypoxia is unconstitutional.

13. Paragraph 13 is admitted.

14. Paragraph 14 is admitted. Defendants deny that nitrogen hypoxia is unconstitutional.

## RESPONSE TO CASE OR CONTROVERSY

15. Paragraph 15 is admitted, though Defendants deny that Lee is entitled to any relief.

16. Paragraph 16 is admitted only to the extent that Defendants intend to execute Lee via nitrogen hypoxia, his chosen method of execution. Defendants deny that nitrogen hypoxia is unconstitutional.

## RESPONSE TO EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. Paragraph 17 is admitted.

## RESPONSE TO FACTUAL ALLEGATIONS

18. Paragraph 18 is admitted to the extent that nitrogen hypoxia functions as a method of execution by forcing the condemned to inhale nitrogen instead of the usual atmospheric mix of gases until he loses consciousness and dies.

19. Paragraph 19 is admitted to the extent that Professor Michael Copeland was invited to speak to the Oklahoma House Judiciary Committee about nitrogen hypoxia in September 2014, that Oklahoma House Bill 1879 introduced nitrogen hypoxia as a method of execution in February 2015, that the bill passed, and that the governor of Oklahoma signed the bill into law.

20. Paragraph 20 is admitted.

21. Paragraph 21 is admitted but lacks context. While the American Veterinary Medical Association warns against the use of nitrogen as a euthanasia method in most mammals, response varies among species. Defendants have no knowledge that the American Veterinary Medical Association has opined, or can opine, on the safety of nitrogen hypoxia as a method of human execution.

22. Paragraph 22 is admitted, though Defendants deny that nitrogen hypoxia amounts to torture.

23. Paragraph 23 is denied.

24. Paragraph 24 is admitted but lacks context. In the studies cited, such as those in Bickler & Lipnick (2024), volunteers were gradually taken to potentially

4

uncomfortable but not imminently fatal hypoxic levels and maintained consciousness. By contrast, with Alabama's method of execution, the condemned is rapidly exposed to a fatally low level of oxygen, loses consciousness, and dies.

25. Paragraph 25 is admitted only to the extent that Lee has accurately quoted Bickler & Lipnick (2024). As discussed in the previous paragraph, this assertion lacks context.

26. Paragraph 26 is admitted only to the extent that Lee has accurately quoted Bickler and Lipnick's testimony in Kansas.

27. Paragraph 27 is admitted only to the extent that Lee has accurately quoted Bickler & Lipnick (2024).

28. Paragraph 28 is denied. Lee cites Ogden et al. (2010), who noted that there was variation in the timing of the four helium hypoxia suicides observed, probably because one individual did not properly place her own mask. Defendants note that the Ogden suicides were using a Hudson-type mask, not a full-face respirator; that they placed the masks themselves rather than have them placed, adjusted, and checked by correctional personnel, and that Ogden et al. did not conclude that the individuals observed suffered pain, as none attempted self-rescue. Russel D. Ogden et al., *Assisted Suicide by Oxygen Deprivation with Helium at a Swiss Right-To-Die Organization,* 36 J. MED. ETHICS 174, 174 (conclusion), 177–89 (case study 4 and conclusion) (2010).

29.     Paragraph 29 is admitted only to the extent that individuals exposed to certain hypoxic conditions may experience nausea. *See, e.g.*, *Hazards of Nitrogen Asphyxiation*, SAFETY BULLETIN (U.S. Chem. Safety & Hazard Inv. Bd., Wash., D.C.), June 2003, at 3. Defendants assert that nausea and other nonlethal side effects of hypoxia are unlikely if the condemned is quickly exposed to a fatally low-oxygen environment.

### A.     Alabama's Use of Nitrogen Hypoxia to Execute Condemned Prisoners

30.     Paragraph 30 is largely admitted. Defendants deny the last sentence; while ADOC had yet to develop a protocol at the time of the election period in June 2018, inmates could make the election knowing their options were lethal injection or death by nitrogen hypoxia.

31.     Paragraph 31 is denied. Nitrogen hypoxia was adopted as a method of execution in 2018. Lethal injection remains Alabama's primary method of execution. Defendants admit that death-sentenced inmates have brought numerous challenges to lethal injection, but the method is constitutional.

32.     Paragraph 32 is admitted only to the extent that Lee has accurately quoted the Associated Press. The lethal injection execution discussed in the article cited, Kenneth Smith's, was never begun; the preliminary proceedings were called off prior to the reading of the warrant or the administration of any drug because sufficient IV access could not be obtained.

6

33.     Paragraph 33 is denied.

34.     Paragraph 34 is admitted only to the extent that sufficient IV access could not be obtained to execute Doyle Hamm in 2018.

35.     Paragraph 35 is admitted only to the extent that sufficient IV access could not be obtained to execute Alan Miller in 2022.

36.     Paragraph 36 is admitted only to the extent that sufficient IV access could not be obtained to execute Kenneth Smith in 2022.

37.     Paragraph 37 is denied. Defendants state that the death warrant was read for Joe Nathan James at 9:03 p.m. on July 28, 2022, and James was pronounced dead at 9:27 p.m.

38.     Paragraph 38 is admitted only to the extent that Lee elected nitrogen hypoxia in June 2018, that he reserved his right to challenge the method, and that Senator Trip Pittman was accurately quoted. Defendants lack sufficient information to admit or deny Lee's reasons for electing.

39.     Paragraph 39 is admitted only to the extent that ADOC released a redacted version of the execution protocol in August 2023 and that this protocol remains in effect today.

    a.     Paragraph 39a is admitted only to the extent that the protocol does not provide for the use of a sedative. Defendants deny that the condemned experiences pain.

7

b. Paragraph 39b is admitted only to the extent that the protocol does not provide for the use of an individualized mask or an Exit bag–style hood. Defendants deny that any inmate executed with Alabama's full-face respirator has suffered from oxygen leakage.

c. Paragraph 39c is admitted only to the extent that the protocol does not specifically address residual oxygen in the tubing. Defendants state that any residual oxygen is flushed from the tubing within seconds of the transition from breathing air to nitrogen gas.

d. Paragraph 39d is denied. The protocol allows the inmate to make a final statement after the mask is placed. A final inspection of the mask is then made after the final statement and prior to the activation of the nitrogen hypoxia system. August 2023 Protocol, Section X.A.xiii.

e. Paragraph 39e is admitted only to the extent that the protocol does not discuss carbon dioxide. Defendants state that the full-face respirator used in Alabama sufficiently removes exhaled carbon dioxide.

f. Paragraph 39f is admitted only to the extent that the protocol does not discuss vomiting within the mask.

g. Paragraph 39g is admitted only to the extent that the protocol does not require a physician to be present to observe and potentially stop an

8

execution. Defendants note that Lee has not identified any physician willing to participate in an execution in such a fashion.

h. Paragraph 39h is admitted only to the extent that the protocol does not specify the purity of the nitrogen used. Defendants state that the nitrogen used has been certified 99.999% pure by the supplier. Appendix C, Section III of the August 2023 Protocol specifies the minimum acceptable thresholds of gases used in executions.

i. Paragraph 39i is admitted only to the extent that Lee has accurately quoted the protocol.

40. Paragraph 40 is admitted only to the extent that the condemned is restrained on a gurney and that Lee has accurately quoted Bailey et al. (2025). Defendants note that the authors of the Bailey et al. article stated, "[W]e vehemently oppose the death penalty, given that it is inconsistent with the fundamental right to life, and support the UN human rights office opposition to $N_2$ anoxia as a method of execution."

41. Paragraph 41 is admitted.

42. Paragraph 42 is admitted.

43. Paragraph 43 is admitted only to the extent that Lee accurately quoted Marty Roney.

44.     Paragraph 44 is admitted only to the extent that Lee accurately quoted Nicholas Bogel-Burroughs.

45.     Paragraph 45 is admitted only to the extent that Lee accurately quoted Nicholas Bogel-Burroughs.

46.     Paragraph 46 is admitted only to the extent that Lee accurately quoted Lee Hedgepeth.

47.     Paragraph 47 is admitted only to the extent that Smith's autopsy showed evidence of pulmonary edema. Defendants deny that this is indicative of negative pressure pulmonary edema, conscious or otherwise.

48.     Paragraph 48 is admitted only to the extent that some lay witness accounts of the following four nitrogen hypoxia executions resembled the Smith accounts.

49.     Paragraph 49 is admitted only to the extent that Lee accurately quoted Michelle Watson, Jason Hanna, and Lauren Gill.

50.     Paragraph 50 is admitted only to the extent that Lee accurately quoted Marty Roney and Asher Redd.

51.     Paragraph 51 is admitted only to the extent that Lee accurately quoted Sarah Clifton and Greta Cross.

52.     Paragraph 52 is admitted only to the extent that Lee accurately quoted Alex Gladden.

53. Paragraph 53 is admitted only to the extent that Louisiana executed Jesse Hoffman, Jr., by nitrogen hypoxia in March 2025.

**C. This Action[1]**

54. Paragraph 54 is admitted.

55. Paragraph 55 is admitted to the extent that inmates whose convictions and sentences were final prior to the introduction of nitrogen hypoxia in March 2018 were required to make any election by the end of June 2018.

56. Paragraph 56 is admitted to the extent that Lee made a timely election of nitrogen hypoxia on June 26, 2018. Defendants lack sufficient knowledge to admit or deny Lee's state of mind at the time.

57. Paragraph 57 is admitted.

## RESPONSE TO FIRST CAUSE OF ACTION

58. Paragraph 58 is admitted and/or denied as stated in paragraphs 1–57.

59. Paragraph 59 is admitted.

60. Paragraph 60 is admitted.

61. Paragraph 61 is admitted to the extent that Lee has accurately quoted Supreme Court case law.

62. Paragraph 62 is admitted to the extent that Lee has accurately quoted *Bucklew v. Precythe*, 587 U.S. 119, 130–31 (2019).

---

1. There is no subsection B in the complaint.

63. Paragraph 63 is denied. Defendants admit that Lee has accurately quoted the Eleventh Circuit's opinion in *Grayson v. Commissioner, Alabama Department of Corrections*, 121 F.4th 894, 898 (11th Cir. 2024), but note that that court held that the district court did not abuse its discretion in denying a preliminary injunction to Carey Grayson, who was then executed by nitrogen hypoxia.

64. Paragraph 64 is admitted only to the extent that the protocol does not discuss the specific matters cited. Defendants deny that the protocol is unconstitutional or that the condemned suffers pain during a nitrogen hypoxia execution.

65. Paragraph 65 is admitted only to the extent that the protocol does not discuss the specific matters cited. Defendants deny that the protocol is unconstitutional or that the condemned suffers pain during a nitrogen hypoxia execution.

66. Paragraph 66 is admitted only to the extent that the protocol does not discuss the specific matters cited. Defendants deny that the protocol is unconstitutional or that the condemned suffers pain during a nitrogen hypoxia execution.

67. Paragraph 67 is denied. While nitrogen hypoxia is a relatively new method of execution, it is not "unusual" for Eighth Amendment purposes.

68. Paragraph 68 is denied.

69. Paragraph 69 is admitted to the extent that Lee correctly acknowledged his burden under *Glossip v. Gross*, 576 U.S. 863 (2015), of naming an alternative

12

method of execution is that feasible, readily available, and substantially safer than the challenged method.

70. Paragraph 70 is admitted only to the extent that five states authorize firing squad as a method of execution and that South Carolina conducted executions via this method in 2025.

71. Paragraph 71 is denied.

72. Paragraph 72 is denied.

73. Paragraph 73 is admitted. Defendants note that MAID is not legal in Alabama.

74. Paragraph 74 is denied.

75. Paragraph 75 is denied.

76. Paragraph 76 is denied. The availability of a drug in pharmacies for medical purposes does not establish its availability to ADOC for use in executions.

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to relief on any ground alleged in his complaint.

## DEFENSES

A. Plaintiff is not entitled to the relief he seeks.

B. Defendants deny any claim or allegation of Plaintiff's complaint that is not expressly admitted above.

13

Respectfully submitted on this the 9th day of February 2026.

STEVE MARSHALL
ATTORNEY GENERAL OF ALABAMA
BY—

**_/s/ Lauren A. Simpson_**
Lauren A. Simpson
*Deputy Attorney General*

Polly S. Kenny
*Assistant Attorney General*
Counsel for Defendants

14

## CERTIFICATE OF SERVICE

I certify that on February 9, 2026, I served a copy of the foregoing upon counsel for the Plaintiff by filing the same via the Court's CM/ECF system and emailed a copy of the foregoing to **Angelique A. Ciliberti, Page H. Sharpe, Anna K. Thompson,** and **Kevin A. Cline.**

Respectfully submitted,

Steve Marshall
*Alabama Attorney General*

*/s/ Lauren A. Simpson*
Lauren A. Simpson
*Deputy Attorney General*
Counsel for Defendants

OF COUNSEL:

Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130
(334) 242-7300
Lauren.Simpson@AlabamaAG.gov

15