| | |
|---|---|
| JEFFERY LEE,<br><br>        Plaintiffs,<br><br>        v.<br><br>JOHN HAMM, Commissioner,<br>Alabama Department of Corrections, *et al*.,<br><br>        Defendants. | CASE NO. 2:25-cv-680 ECM<br><br>CAPITAL CASE |

**PLAINTIFF'S OBJECTIONS TO EXHIBITS
ON DEFENDANTS' EXHIBIT LIST**

Pursuant to the Uniform Scheduling Order entered in this case [Doc. 45], Plaintiff Jeffery Lee hereby objects to the following exhibits on Defendants' Exhibit List [Doc. 111].[1]

Exhibits 1–3, 6–8, and 11: Mr. Lee objects to exhibits that comprise affidavits and transcripts from previous nitrogen asphyxiation cases as inadmissible hearsay. *See* Fed. R. Evid. 801; *United States v. Rivera*, 780 F.3d 1084, 1092 (11th Cir. 2015) ("Hearsay is a statement, other than one made by a declarant while testifying at trial,

---

[1] Defendants may be able to use some of the objected-to exhibits for impeachment purposes or to refresh recollections, but they are not admissible evidence for the reasons explained below.

offered in evidence to prove the truth of the matter asserted." (citing Fed. R. Evid. 801(c))). These are Defendants' Exhibit 1 (Declaration of James R. Houts); Exhibit 2 (Affidavit of Brandon McKenzie); Exhibit 3 (Declaration of Brandon McKenzie); Exhibits 6, 7, 8 (Evidentiary Hearing Transcripts from *Grayson*, *Frazier*, and *Boyd*, respectively);[2] and Exhibit 11 (Deposition of Philip H. Nitschke in *Smith*).[3]

With respect to Exhibits 1–3, Defendants have listed Mr. Houts and Mr. McKenzie as "may call" trial witnesses, *see* ECF No. 112, and can call them at trial to elicit the testimony in these declarations. The same is also true with respect to Exhibits 6–8: a number of witnesses who testified in *Grayson*, *Frazier*, and/or *Boyd* are on Defendants' "will call" or "may call" witness list, and Defendants can elicit their testimony at trial.

With regard to any unavailable witnesses, Defendants have not met the standard for admissibility. *See* Fed. R. Civ. P. 32(a)(4) (setting forth the bases for which the deposition testimony of an unavailable witness may be used). Nor does any exception apply. The Federal Rules of Evidence require that, for such an

---

[2] The parties are discussing, but have not yet reached an agreement, on the admissibility of Exhibits 6–8. The parties will inform the Court if they are able to reach an agreement.

[3] Mr. Lee does not object to admitting the testimony of select witnesses to which the parties have agreed. For example, the parties have agreed to admit Exhibit 9, the testimony of Dr. Shante Hill in *Grayson*, as well as Exhibit 14, the declaration of Dr. Brian McAlary in *Boyd*. But the Court should not permit the wholesale admission of prior hearing transcripts.

exception to apply to former testimony, the party against whom the testimony is offered has had a prior opportunity and similar motive to examine the witnesses. Fed. R. Evid. 804(b)(1). Mr. Lee had no such opportunity in these prior proceedings: he was not a party in the prior cases, nor were Plaintiffs Smith, Grayson, Frazier, and Boyd "predecessors in interest" to Mr. Lee. *See Burch v. Blockbuster, Inc.*, 2005 WL 8158056, at *2 (N.D. Ala. July 15, 2005) (denying admission of deceased witness's prior sworn testimony where plaintiffs did not have opportunity to examine witness at his criminal trial and defendant failed to show prosecutor at witness's trial was plaintiffs' predecessor in interest); *cf. Jones v. McAndrew*, 996 F. Supp. 1439, 1448 (N.D. Fla. 1998) (inmates who brought a method of execution challenge did not have the same interests as inmates who brought similar challenges previously). Admitting the prior testimony as evidence in this case would effectively expand this from a 2.5-day trial to a 8.5-day trial, in which Mr. Lee was not present for six of those days.[4]

Moreover, affidavits and hearsay materials that were deemed admissible in the preliminary injunction context are not admissible in the trial setting in this case. *See Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir.

---

[4] The *Grayson* preliminary injunction hearing lasted two days; the *Frazier* preliminary injunction hearing lasted one day; the *Boyd* preliminary injunction hearing lasted two days; Defendants deposed Dr. Nitschke in *Smith* over the course of a day.

1995) ("At the preliminary injunction stage, a district court may rely on affidavits and hearsay materials which would not be admissible evidence for a permanent injunction . . . ."); *cf. Home Oil Co. v. Sam's East, Inc.*, 252 F. Supp. 2d 1302, 1307 (M.D. Ala. 2003) (rejecting the argument that testimony admitted during a preliminary injunction hearing could be considered admissible evidence in deciding summary judgment).

Mr. Lee further objects to Exhibit 11 (deposition of Philip H. Nitschke in *Smith*) as not relevant. *See* Fed. R. Evid. 401 and 402. Dr. Nitschke is not a fact or expert witness in this case, nor did Defendants disclose him in their initial disclosures. To the extent Defendants are using Exhibit 11 to support the opinions of their expert, Dr. Joseph Antognini, Mr. Lee further objects. Dr. Antognini did not include the deposition of Dr. Nitschke in his list of reliance materials, and therefore, counsel for Mr. Lee did not have an opportunity to ask questions about it during Dr. Antognini's deposition. Nor was this an oversight: Dr. Antognini cited in his expert report statements that Dr. Nitschke made *after* the execution of Kenneth Smith, *see* ECF No. 103-1 ¶ 30 (Antognini Rep.), but did not include the deposition transcript of Dr. Nitschke *in* the *Smith* case itself—presumably because Dr. Antognini did *not* actually rely on the deposition testimony in forming his opinions.

The deposition of Dr. Nitschke is, like the other affidavits and transcripts from prior proceedings, inadmissible hearsay. *See, e.g., Kirksey v. Schindler Elevator*

*Corp.*, 2016 WL 7116223, at *15–17 (S.D. Ala. Dec. 6, 2016) (finding prior deposition testimony from expert witness was inadmissible hearsay and rejecting any exception when the parties to the litigations were not the same); *Plumb v. Univ. of Utah*, 2022 WL 2065532, at *1 (D. Utah June 8, 2022) (deposition transcripts are hearsay when offered to prove the truth of the matter asserted); *Agere Sys., LLC v. Advanced Env't. Tech. Corp.*, 2008 WL 11412010, at *1 (E.D. Pa. June 24, 2008) ("The EPA Depositions, if offered to prove the truth of the matter asserted, are hearsay."); *In re Air Crash Disaster at Stapleton Int'l Airport, Denver, Colo., on Nov. 15, 1987*, 720 F. Supp. 1493, 1501 (D. Colo. 1989) (Rule 32 "does not alter the judicial preference for direct and cross-examination of [an expert] witness at trial. . . . Deposition testimony is an imperfect substitute for personal testimony which should only be used when the [expert] witness is unavailable").

Exhibits 13, 26, 31, 34, 36, 37, 44, 46, and 47: Mr. Lee objects to Defendants' Exhibits 13 (a September 2023 Twitter post by Philip Nitschke), 37 (a response submitted to the editor of a medical journal), 44 (the postmortem examination of Mikal Mahdi), and 46 and 47 (two news articles) as inadmissible hearsay. *See* Fed. R. Evid. 801.

Mr. Lee further objects to these exhibits, as well as to Defendants' Exhibits 26, 31, 34, and 36 (various scientific articles), because they were not previously disclosed in Defendants' initial disclosures, not produced in discovery, and not listed

as documents relied upon by Defendants' expert, Dr. Joseph Antognini. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by [Federal Rule of Civil Procedure] 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial.").

Mr. Lee further objects to Exhibit 13 (Dr. Nitschke's Twitter post) as not relevant. *See* Fed. R. Evid. 401 and 402. Dr. Nitschke is not a fact or expert witness in this case, nor did Defendants disclose him or this document in their initial disclosures or discovery responses. To the extent Defendants are using Exhibit 13 to support the opinions of Dr. Antognini, Mr. Lee further objects. Dr. Antognini did not include Dr. Nitschke's Twitter post in his list of reliance materials, and therefore, counsel for Mr. Lee did not have an opportunity to ask questions about it during Dr. Antognini's deposition. Nor was this an oversight: Dr. Antognini cited in his expert report statements that Dr. Nitschke made after the execution of Kenneth Smith, *see* ECF No. 103-1 ¶ 30 (Antognini Rep.), but did not include Dr. Nitschke's Twitter post about nitrogen asphyxiation—presumably because Dr. Antognini did ***not*** actually rely on the Twitter post in forming his opinions.

Exhibit 45: Mr. Lee objects to Defendants' Exhibit 45 (Report Regarding Firing Squad Execution of Mikal Mahdi) as inadmissible hearsay. *See* Fed. R. Evid. 801, 804. The fact that Dr. Antognini relied on this document in forming his opinion

does not make the document itself admissible. *See* Fed. R. Evid. 703 advisory comm. note to 2000 amends. ("Rule 703 has been amended to emphasize that when an expert reasonably relies on inadmissible information to form an opinion or inference, the underlying information is not admissible simply because the opinion or inference is admitted.").

Exhibits 50–53: Mr. Lee objects to Defendants' Exhibits 50–53 (test videos) to the extent that they are not authenticated by a sponsoring witness subject to cross-examination. *See* Fed. R. Evid. 901 ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is . . . [such as] [t]estimony of a witness with knowledge."). Mr. Lee does not object to these exhibits provided they are appropriately authenticated, but they are not admissible evidence without a sponsoring witness.

Exhibit 54: Mr. Lee objects to Defendants' Exhibit 54 (Louisiana mask test video) as not relevant. *See* Fed. R. Evid. 401 and 402. Exhibit 54 relates exclusively to the testing of Louisiana's nitrogen delivery system and provides no information whatsoever on the constitutionality of Alabama's nitrogen asphyxia execution protocol. *See United States v. Windham*, 2025 WL 1812901, at *4 (M.D. Ala. July 1, 2025) ("[i]rrelevant evidence is not admissible" (citing Fed. R. Evid. 402)).

*      *      *

Mr. Lee does not object to the admissibility of Defendants' Exhibits 4–5, 9, 12, 14, 15–25, 27–30, 32–33, 35, 38–43, 48–49, and 55.[5]

Dated:  April 10, 2026

Respectfully submitted,

*/s/ Angelique A. Ciliberti*
Angelique A. Ciliberti (ASB-1504T44C)
Paige H. Sharpe (*pro hac vice*)
Anna K. Thompson (*pro hac vice*)
Kevin A. Cline (*pro hac vice*)
Jocelyn A. Wiesner (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
(202) 942-5000
Angelique.Ciliberti@arnoldporter.com
Paige.Sharpe@arnoldporter.com
Anna.Thompson@arnoldporter.com
Kevin.Cline@arnoldporter.com
Jocelyn.Wiesner@arnoldporter.com

Tommy Huynh (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center
10th Floor
San Francisco, CA 94111
(415) 471-3100
Tommy.Huynh@arnoldporter.com

Caleb Thompson (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019

---

[5] Defendants have represented that they are withdrawing Exhibit 10 from their Exhibit List.  Plaintiff reserves the right to object to this exhibit should Defendants not so withdraw it.

(212) 836-8000
Caleb.Thompson@arnoldporter.com

*Counsel for Plaintiff Jeffery Lee*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed, via the CM/ECF system, on April 10, 2026, which will cause defendants' counsel to receive an electronic copy.

Lauren Simpson
Polly Kenny
Brenton Thompson
Talmadge Butts
Office of the Attorney General
Capital Litigation Division
501 Washington Avenue
Montgomery, AL 36130

*/s/ Angelique A. Ciliberti*
Angelique A. Ciliberti