**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| JEFFREY LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-680-ECM |
| | ) | |
| JOHN Q. HAMM, Commissioner, Alabama Department of Corrections, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TERRY RAYBON, Warden, Holman Correctional Facility, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTION TO DEFENDANTS' EXHIBITS**

Come now Defendants and file this response in opposition to Plaintiff's objection to Defendants' exhibit list, DE123. For the reasons below, Defendants' exhibits should be admitted at trial.

## ARGUMENT

### I. Exhibits 1–3, 6–8, and 11: Prior declarations, transcripts, and deposition testimony are admissible.

Plaintiff objects to Exhibits 1–3, 6–8, and 11 as inadmissible hearsay. This objection fails for multiple independent reasons.

At the outset, pursuant to the parties' joint stipulation of April 15, DE128, Defendants have agreed to admit only portions of Exhibits 6, 7, and 8 (the direct examination of four of Defendants' facts witnesses, the full examination of three of Plaintiff's fact witnesses, and the testimony of Dr. McAlary in *Frazier* and *Boyd* and Matt Schulz in *Boyd*). The only portion of these exhibits that remains contested is the testimony of Defendants' expert, Dr. Antognini. Defendants wish to introduce his prior testimony from *Grayson*, *Frazier*, and *Boyd* in full, and Plaintiffs object.

Turning then to the merits, many of these exhibits are not offered to prove the truth of the matters asserted therein and therefore do not constitute hearsay at all. *See* FED. R. EVID. 801©. Rather, these exhibits are offered to provide context for Defendants' expert opinions, to show the development and refinement of Alabama's nitrogen hypoxia protocol over time, and to establish what information was available to the Alabama Department of Corrections when it developed and implemented its execution protocol. Evidence offered for such non-hearsay purposes is admissible regardless of whether it contains out-of-court statements. *See United States v. Kent*, 93 F.4th 1213, 1218 (11th Cir. 2024) (out-of-court statements not offered for truth of matter asserted are not hearsay); *see also United States v. Bell*, 112 F.4th 1318, 1340–41 (11th Cir. 2024) (finding to be non-hearsay various news reports).

These exhibits are further admissible under the residual exception to the hearsay rule. FED. R. EVID. 807. The prior declarations, hearing transcripts, and

deposition testimony at issue are supported by sufficient guarantees of trustworthiness: they were given under oath, subject to cross-examination (or, in the case of declarations, under penalty of perjury), and in a formal legal proceeding. They are offered as evidence of material facts, namely, the manner in which Alabama's nitrogen hypoxia protocol operates and the experiences of those who have witnessed or administered it. No other evidence would serve these purposes as effectively, and the interests of justice are best served by admitting these exhibits. *See* FED. R. EVID. 807(a).

Plaintiff's reliance on *Levi Strauss & Co. v. Sunrise International Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995), is misplaced. That case stands for the unremarkable proposition that courts at the preliminary injunction stage may consider materials that would not be admissible at trial. It does not stand for the converse proposition that materials considered at a preliminary injunction hearing are therefore inadmissible at trial. The admissibility of each exhibit at trial must be assessed on its own merits under the Federal Rules of Evidence, and as demonstrated above, these exhibits satisfy the applicable rules.

Plaintiff separately objects to Exhibit 11 as not relevant despite the fact that Dr. Philip Nitschke is a recognized expert on the use of nitrogen for euthanasia purposes, and his deposition testimony in *Smith* directly addresses the mechanism, physiological effects, and experience of nitrogen hypoxia, which is the central issue

in this case. *See* FED. R. EVID. 401 (evidence is relevant if it has "any tendency" to make a fact of consequence more or less probable). Dr. Nitschke's testimony is relevant regardless of whether he has been designated as an expert in this case.

Plaintiff's further argument that Exhibit 11 is inadmissible because Dr. Antognini did not list it as a reliance material similarly misses the mark. Defendants are not offering Exhibit 11 solely to support Dr. Antognini's opinions. The testimony is independently relevant and admissible substantive evidence. Moreover, even if Dr. Antognini did rely on this material, the fact that it was not listed among his formal reliance materials does not render the underlying evidence inadmissible; it simply means it cannot be disclosed to the jury solely under Rule 703 as the basis for an expert opinion. *See* FED. R. EVID. 703.

## II. Exhibits 13, 26, 31, 34, 36, 37, 44, 46, and 47 were properly disclosed, and they are relevant and admissible.

Plaintiff objects to Exhibits 26, 31, 34, and 36 (scientific articles) and several other exhibits on the ground that they were not previously disclosed. This objection should be overruled. First, the scientific articles at issue are published, publicly available materials. A party has no obligation under Rule 26(a)(1)(A)(ii) to specifically identify publicly available documents that are equally accessible to all parties. See FED. R. CIV. P. 26(a)(1)(A)(ii) (requiring disclosure of documents "in the disclosing party's possession, custody, or control").

Plaintiff's blanket hearsay objection to Exhibits 13 (Nitschke Twitter post), 37 (medical journal response), 44 (postmortem examination of Mikal Mahdi), and 46–47 (news articles) fails because these exhibits are not all offered for the truth of the matter asserted.

Exhibit 13 (Dr. Nitschke's Twitter post) is offered not for the truth of its contents but rather to show that Dr. Nitschke, who has been cited by Plaintiff's experts, publicly expressed views about nitrogen hypoxia that are relevant to evaluating the credibility and weight of opinions that rely on his statements. This is a classic non-hearsay use. *See* FED. R. EVID. 801(c); *see also Bell*, 112 F.4th at 1340–41.

Exhibit 37 (medical journal response) constitutes a learned treatise or, at minimum, a statement in a publication established as a reliable authority on the subject, and is therefore admissible under Federal Rule of Evidence 803(18). *See also* FED. R. EVID. 803(18) (learned treatise exception). Likewise, Exhibits 26, 31, 34, and 36 (scientific articles) are admissible as learned treatises to the extent they are called to the attention of or relied upon by expert witnesses. *Id.*

Exhibit 44 (postmortem examination of Mikal Mahdi) constitutes a public record admissible under Federal Rule of Evidence 803(8). Postmortem examinations conducted by public officials in the performance of their duties are paradigmatic public records. *See* FED. R. EVID. 803(8)(A)(iii).

Exhibits 46 and 47 (news articles) are offered not for the truth of the matters reported but to provide context and to show publicly available information regarding nitrogen hypoxia executions. To the extent they are offered for their truth, they are admissible as present sense impressions or under the residual exception, FED. R. EVID. 803(1), 807.

Plaintiff's separate relevance objection to Exhibit 13 likewise fails. Dr. Nitschke's public statements about nitrogen hypoxia are directly relevant to the central issues in this case. Moreover, these statements are relevant to impeach the opinions of Plaintiff's experts to the extent they rely on or cite Dr. Nitschke's views. Evidence that tends to undermine the reliability of an expert's sources is plainly relevant under Rule 401.

**III. Exhibit 45: The Mahdi firing squad report is admissible.**

Plaintiff objects to Exhibit 45 (Report Regarding Firing Squad Execution of Mikal Mahdi) as inadmissible hearsay, arguing that Dr. Antognini's reliance on it does not make the document itself admissible. But Rule 703 permits an expert to testify about the bases for his opinion, and the fact finder is entitled to see the materials the expert relied upon in order to evaluate the weight and credibility of his testimony. The report is admissible for this purpose. *See* FED. R. EVID. 703, 705; *see also United States v. Steed*, 548 F.3d 961, 975–76 (11th Cir. 2008).

## IV. Exhibits 50–53: The test videos will be properly authenticated.

Plaintiff objects to Exhibits 50–53 (test videos) to the extent they are not authenticated by a sponsoring witness. Defendants note that Plaintiff acknowledges these exhibits are admissible provided they are appropriately authenticated. Defendants will present proper authentication at trial through a witness with knowledge of the creation and contents of the videos, satisfying the requirements of Federal Rule of Evidence 901(b)(1). Plaintiff's objection is therefore premature and should be overruled.

## V. Exhibit 54: The Louisiana mask test video is relevant.

Plaintiff objects to Exhibit 54 (Louisiana mask test video) as not relevant, arguing that it "relates exclusively to the testing of Louisiana's nitrogen delivery system." This characterization is inaccurate. The Louisiana mask test video depicts the testing of nitrogen delivery equipment that is functionally similar to the equipment used in Alabama's protocol. The video is therefore relevant to demonstrate the general operation, fit, and function of nitrogen delivery masks of the type used in Alabama's execution protocol.

Evidence need not be identical in all respects to the facts of a case to be relevant; it need only have "any tendency to make a fact more or less probable than it would be without the evidence." FED. R. EVID. 401(a). The Louisiana test video meets that "low threshold" here, *United States v. Dretke*, 542 U.S. 274, 285 (2004),

because it tends to make facts about the operation and efficacy of nitrogen delivery equipment more probable. To the extent Plaintiff contends there are differences between the Louisiana and Alabama systems, such differences go to the weight of the evidence, not its admissibility.

For the reasons above, Defendants respectfully request that this Court deny Plaintiff's objection and permit Defendants to introduce their trial exhibits.

Respectfully Submitted,

Steve Marshall
*Attorney General*

**/s/ Brenton Thompson**
Brenton Thompson
*Assistant Attorney General*
*Counsel for Respondents*

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36104
Tele: (334) 353-9095

April 15, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will notify counsel of record.

**/s/ Brenton Thompson**
Brenton Thompson
*Assistant Attorney General*
*Counsel for Respondents*

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36104
Tele: (334) 353-9095