IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFERY LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-680-ECM |
| | ) | [WO] |
| GREG LOVELACE, Commissioner, | ) | |
| Alabama Department of Corrections, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

The Alabama Department of Corrections ("ADOC") uses pulse oximeters—devices that measure oxygen saturation in the blood—during nitrogen hypoxia executions. (Doc. 119-5 at 16). In discovery, the parties learned that the pulse oximeters used in previous executions retained residual data. Following a three-day bench trial, the parties presented additional evidence regarding the data extracted from the pulse oximeters, including the data itself and updated declarations from one of the Plaintiff's experts, Dr. Julie Bastarache ("Dr. Bastarache"), and the Defendants' expert, Dr. Joseph F. Antognini ("Dr. Antognini"). (*See* doc. 161 (Plaintiff's second amended exhibit list); doc. 159 (Defendants' amended exhibit list)).

The Plaintiff objects to two documents on which Dr. Antognini relies: an affidavit and a declaration from Warden Brandon McKenzie ("Warden McKenzie"), an ADOC employee and former execution team captain. (*See* doc. 160-1 at 6–8 (Warden McKenzie's affidavit); *id.* at 11–12 (Warden McKenzie's declaration)). The Plaintiff argues that the

declaration and affidavit are inadmissible hearsay. (Doc. 166).  The Defendants contend that the documents are admissible on numerous grounds, including Federal Rule of Evidence 703 because Dr. Antognini relied on the documents in forming his opinion.[1] (Doc. 170).   This objection is the sole objection to the new evidence.

Rule 703 states in full:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

FED. R. EVID. 703.  The 2000 amendment to Rule 703 "established that 'hearsay relied upon by an expert is admissible only to establish the basis of that expert's opinion and not as substantive evidence.'" *United States v. Keegan*, 161 F.4th 1334, 1343 (11th Cir. 2025) (citation omitted).

Warden McKenzie observed the pulse oximeter readings during the ADOC's executions of Kenneth Smith and Carey Grayson. (*See, e.g.*, doc. 160-1 at 8, para. 5; *id.* at 12, para. 3).  The advisory committee notes to Rule 703 contemplate that a physician, like Dr. Antognini, may rely on information learned "other than by his own perception." Advisory Committee Notes to Proposed Rule 703 (1972).  Dr. Antognini may rely on

---

[1] Because the Court finds that Warden McKenzie's declaration (doc. 160-1) and affidavit (doc. 160-2) are admissible only to establish the basis of Dr. Antognini's expert opinion and not as substantive evidence, the Court pretermits discussion regarding the Defendants' arguments related to Federal Rules of Evidence 801, 803, and 807. (*See* doc. 170 at 2–7).

"information from numerous sources and of considerable variety, including statements by patients and relatives" to form an opinion. *Id.*; *see also Henderson v. Goodyear Dunlop Tires N. Am., Ltd.*, 2013 WL 5729377, at *5 (M.D. Ala. Oct. 22, 2013).[2]  Here, the Plaintiff's own expert, Dr. Bastarache, stated that she routinely relies on information from third party observers to inform her medical opinion. (*See* doc. 146 at 128:20–129:5).  The parties appear to agree that physicians regularly rely on witness observations to form medical opinions. (*Id.*; *but cf.* doc. 149 at 26:14–21 (Dr. Antognini noting that he is "very careful about what [he] read[s] in the media related to . . . executions in terms of forming [his] opinion.)).  Thus, Rule 703 allows Dr. Antognini to rely on Warden McKenzie's observations to form an opinion.  Moreover, the concerns contemplated by Rule 703— relying on evidence for an inadmissible purpose—are not implicated in this bench trial. *See Williams v. Illinois*, 567 U.S. 50, 69 (2012) (plurality op.) (discussing Rule 703 and explaining that "[w]hen the judge sits as the trier of fact, it is presumed that the judge will understand the limited reason for the disclosure of the underlying inadmissible information and will not rely on that information for any improper purpose"), *abrogated in part on other grounds by Smith v. Arizona*, 602 U.S. 779 (2024).

While Warden McKenzie's affidavit and declaration are not admissible as substantive evidence, they are admissible under Rule 703 for the limited purpose of establishing the basis of Dr. Antognini's opinion regarding the pulse oximeter data.

Accordingly, and for good cause, it is

---

[2] While the Court acknowledges that *Henderson* is nonprecedential, the Court finds it persuasive.

ORDERED as follows:

1.      The Plaintiff's objections (doc. 166) to Warden McKenzie's affidavit (doc. 160-1 at 6–8) and declaration (*id.* at 11–12) are OVERRULED to the extent that they are offered for the limited purpose of establishing the basis of Dr. Antognini's expert opinion. The objections are SUSTAINED to the extent the documents are offered to prove the truth of the matters asserted;

2.      Plaintiff's Exhibits 129, 130, 131, 132, 133, 134, 135, and 136 are ADMITTED;

3.      Defendants' Exhibit 61 is ADMITTED;

4.      The evidence from the bench trial is CLOSED.

DONE this 26th day of May, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE