IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFERY LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-680-ECM |
| | ) | [WO] |
| GREG LOVELACE, Commissioner, | ) | |
| Alabama Department of Corrections, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

On June 9, 2026, following remand from the United States Court of Appeals for the Eleventh Circuit, this Court concluded that the Alabama Department of Corrections' nitrogen hypoxia execution protocol ("Protocol") violates the Eighth Amendment and permanently enjoined the State from executing Plaintiff Jeffery Lee ("Lee") using the Protocol. *Lee v. Lovelace*, 2026 WL 1664095 (M.D. Ala. June 9, 2026); (docs. 187, 188). The State has appealed to the Eleventh Circuit. (Doc. 189). Now pending before the Court is the State's motion to stay the Court's injunction pending appeal. (Doc. 193). After careful consideration, and for the following reasons, the Court concludes that the motion is due to be denied.

Federal Rule of Civil Procedure 62(d) permits a district court, in its discretion, to "suspend, modify, restore, or grant an injunction" while an appeal is pending. FED. R. CIV. P. 62(d). In deciding whether to stay an injunction pending appeal, the Court analyzes four factors: "(1) whether the stay applicant has made a strong showing that he is likely to

succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *accord Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. Unit A June 26, 1981) (per curiam).[1]  "The first two factors . . . are the most critical," and "[i]t is not enough that the chance of success on the merits be 'better than negligible.'" *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation omitted).

Regarding likelihood of success on the merits, the State does little more than repeat the arguments it made previously.  The Court carefully considered each of these arguments and the entire record but ultimately concluded—based on the Eleventh Circuit's legal conclusion that the Protocol "presents a 'substantial risk of serious harm,'" *Lee v. Comm'r, Ala. Dep't of Corr.*, 2026 WL 1651147, at *8 (11th Cir. June 8, 2026) (per curiam) (quoting *Nance v. Ward*, 597 U.S. 159, 164 (2022)), and the factual record here about the firing squad—that Lee met his burden to establish that the Protocol violates the Eighth Amendment. *See Glossip v. Gross*, 576 U.S. 863, 877 (2015). That other courts have concluded that a firing squad execution entails some risk of pain is not dispositive given the record in this case.  Therefore, on this record the State has not made a strong showing that it is likely to succeed on the merits. *See Hilton*, 481 U.S. at 776.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

The Court also carefully considered the equities. For the reasons stated in the Court's June 9 Memorandum Opinion and Order, the narrowly tailored injunctive relief the Court granted is appropriate under the circumstances of this case. The State appears to believe that it can only execute Lee using the firing squad and argues that it could not do so by Lee's scheduled execution date of June 11, 2026, but that is not the injunctive relief this Court granted.[2] *See Lee*, 2026 WL 1664095, at *9, *11. To the extent the State complains about the Court's "eleventh hour" injunction, (doc. 193 at 6), it bears repeating that the State moved to set Lee's execution during the pendency of this litigation, nearly six months after Lee first challenged the Protocol, thus requiring the Court to set Lee's case on an "expedited schedule," *see Lee v. Lovelace*, 2026 WL 1493098, at *4 (M.D. Ala. May 28, 2026). Accordingly, the State has not shown that the equities favor a stay of the Court's injunction. Consequently, the State's motion is due to be denied.

Accordingly, it is

ORDERED that the State's motion to stay injunction pending appeal (doc. 193) is DENIED.

DONE this 10th day of June, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE

---

[2] To the extent the State argues that it could not utilize any other method at this late date, including lethal injection or electrocution, the Court is not persuaded that this merits the relief sought.