# Exhibit A

## IN THE SUPREME COURT OF ALABAMA

| | |
|---|---|
| EX PARTE: JEFFERY LEE | ) |
| | ) |
| In re: State of Alabama, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    No. 1021971 |
| | ) |
| Jeffery Lee, | ) |
| | ) |
| Respondent. | ) |

## STATE OF ALABAMA'S EXPEDITED RENEWED MOTION TO SET AN EXECUTION DATE

Pursuant to Rule 8(d)(1) of the Alabama Rules of Appellate Procedure, and out of abundance of caution given the changed circumstances since the Court first authorized Jeffrey Lee's execution, the State of Alabama respectfully moves this Honorable Court to issue an order authorizing the execution of Lee's lawfully imposed sentence of death. In support of this motion, the State offers the following:

### I.    Developments since the State's February 2026 execution motion.

In June 2018, Lee timely elected nitrogen hypoxia as his method of execution. The Alabama Department of Corrections announced a hypoxia protocol on August 25, 2023, but Lee waited until the end of the

limitations period in August 2025 to file a challenge to the method's constitutionality in the Middle District of Alabama.

On February 9, 2026, the State moved for Lee's execution by nitrogen hypoxia. This Court granted the motion on April 2, 2026, and Governor Ivey scheduled Lee's execution for June 11–12.

On June 9, the Middle District of Alabama granted Lee a permanent injunction prohibiting ADOC from executing him via nitrogen hypoxia. Mem. Final Judgment at 1, *Lee v. Lovelace*, 2:25-cv-00680 (M.D. Ala. June 9, 2026), DE188 ("Defendants are permanently enjoined from executing [Lee] using the Alabama Department of Corrections' nitrogen hypoxia protocol."). The court was clear that its "decision does not disturb the State's ability to administer capital punishment" because "Lee successfully challenged only the ADOC's nitrogen hypoxia protocol, not its electrocution or (this time) its lethal injection protocol." Op. at 24, *Lee*, *supra*, DE187.

The default method of execution in Alabama is lethal injection. ALA. CODE § 15-19-82.1(a). The Code provides in relevant part:

> (c) If electrocution, nitrogen hypoxia, and lethal injection are all held to be unconstitutional by the Alabama Supreme Court under the Constitution of Alabama of 1901, or held to be unconstitutional by the United States Supreme Court under

2

the United States Constitution, or if the United States Supreme Court declines to review any judgment holding a method of execution to be unconstitutional under the United States Constitution made by the Alabama Supreme Court or the United States Court of Appeals that has jurisdiction over Alabama, then all persons sentenced to death shall be executed by any constitutional method of execution based on the sole discretion of the Commissioner of the Department of Corrections.

[…]

(h) No sentence of death shall be reduced as a result of a determination that a method of execution is declared unconstitutional under the Constitution of Alabama of 1901, or the Constitution of the United States. In any case in which an execution method is declared unconstitutional, the death sentence shall remain in force until the sentence can be lawfully executed by any valid method of execution.

(i) An election for a choice of a method of execution made by a convict shall at no time supersede the means of execution available to the Department of Corrections.

While Lee elected hypoxia, he has made clear that he does not want to be executed by that method, and the federal courts have prohibited ADOC from employing it with him. ADOC is prepared, however, to execute Lee via lethal injection with the three-drug cocktail adopted in 2014 and used since that time.

## II.    Lee has fully exhausted his conventional appeals.

In 2000, Lee was convicted of capital murder for shooting Jimmy Ellis and Elaine Thompson during a robbery of Jimmy's Pawn Shop, just outside of Orrville, Alabama. The trial court sentenced him to death. After a remand for a revised sentencing order, the Alabama Court of Criminal Appeals (ACCA) affirmed, *Lee v. State*, 898 So. 2d 790, 808 (Ala. Crim. App. 2001). This Court denied certiorari, *Ex parte Lee*, 898 So. 2d 874 (Ala. 2004), as did the United States Supreme Court, *Lee v. Alabama*, 543 U.S. 924 (2004) (mem.).

Lee's Rule 32 proceedings commenced in February 2005. The circuit court summarily denied in August 2007. ACCA affirmed, *Lee v. State*, 44 So. 3d 1145, 1176 (Ala. Crim. App. 2009), and this Court denied certiorari, *Ex parte Lee*, 1090383 (Ala. Feb. 19, 2010).

Lee then filed a 28 U.S.C. § 2254 petition in the Southern District of Alabama. The district court denied relief, *Lee v. Thomas*, 1:10-cv-00587, 2012 WL 1965608 (S.D. Ala. May 30, 2012), the Eleventh Circuit affirmed, *Lee v. Comm'r, Ala. Dep't of Corr.*, 726 F. 3d 1172, 1228 (11th Cir. 2013), and the United States Supreme Court denied certiorari, *Lee v. Thomas*, 572 U.S. 1015 (2014) (mem.).

4

## III.    Method-of-execution litigation.

To date, Lee has filed two method-of-execution challenges.

### A.    Lethal injection (SDAL)

In September 2016, just before the two-year statute of limitations for challenges to ADOC's 2014 midazolam lethal injection protocol ran, Lee filed a 42 U.S.C. § 1983 challenge in the Southern District of Alabama. The district court dismissed in April 2017, *Lee v. Dunn*, 1:16-cv-00473 (S.D. Ala. Apr. 24, 2017), DE23, but the Eleventh Circuit vacated the dismissal as to Lee's Eighth Amendment claim, *Lee v. Comm'r, Ala. Dep't of Corr.*, 17-12271 (11th Cir. Apr. 24, 2018). Before the district court could consider the merits of Lee's claim, the parties informed the court that the new nitrogen hypoxia legislation could affect the case—and it did, as Lee elected hypoxia in June 2018. The complaint was dismissed without prejudice on the parties' motion in July 2018. Order, *Lee*, 1:16-cv-00473 (S.D. Ala. July 20, 2018), ECF 37.

### B.    Nitrogen hypoxia (MDAL)

Continuing his pattern of waiting until the eleventh hour to challenge methods of execution, Lee filed a § 1983 complaint in the Middle District of Alabama on August 22, 2025, concerning the

constitutionality of nitrogen hypoxia. The case was tried and appealed, and as set forth above, ADOC has been permanently enjoined from executing Lee by hypoxia.

***

In sum, ADOC has not been barred from executing Lee, only from executing him *by nitrogen hypoxia.* While Lee may try to reopen his 2016 challenge to the lethal injection protocol, that is no reason for this Court not to authorize Lee's execution. Indeed, given the history of this case, the Court should expedite that decision so that Lee does not continue to evade justice.

**CONCLUSION**

Lee has exhausted his conventional appeals. As such, it is time for his sentence to be carried out. Pursuant to Rule 8(d)(1) of the Alabama Rules of Appellate Procedure, the State requests that this Court expedite issuance of an order authorizing the Governor to set a timeframe for the execution of Lee's lawful sentence of death.

Respectfully submitted,

Steve Marshall
*Attorney General*

**/s/ *Lauren A. Simpson***
Lauren A. Simpson
*Deputy Attorney General*

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
(334) 242-7300
Lauren.Simpson@AlabamaAG.gov

7

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the word limitation set forth in ALA. R. APP. P. 27(d) and 32(b)(5). The motion contains 1,078 words, including all headings, footnotes, and quotations, and excluding the parts of the motion exempted under ALA. R. APP. P. 32(c).

I certify that this motion complies with the font requirements set forth in ALA. R. APP. P. 32(a)(7). The motion was prepared in 14-point Century Schoolbook font.

/s/ *Lauren A. Simpson*
Lauren A. Simpson
*Deputy Attorney General*

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
(334) 242-7300
Lauren.Simpson@AlabamaAG.gov

8

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2026, I filed the foregoing with the

Clerk of the Court. I also served a copy of the foregoing on Jeffery Lee by

United States Mail, first-class postage prepaid and addressed as follows:

> Jeffery Lee, Z674
> William C. Holman Correctional Facility
> 866 Ross Road
> Atmore, Alabama 36502

Additionally, I served a copy upon counsel for Lee by electronic

mail, addressed as follows:

> FEDERAL DEFENDER FOR THE MIDDLE DISTRICT OF ALABAMA
> Leslie S. Smith
> **Leslie_Smith@fd.org**
>
> ARNOLD & PORTER KAYE SCHOLER LLP
> Angelique A. Ciliberti
> **Angelique.Ciliberti@arnoldporter.com**
> Paige H. Sharpe
> **Paige.Sharpe@arnoldporter.com**
> Anna K. Thompson
> **Anna.Thompson@arnoldporter.com**
> Kevin A. Cline
> **Kevin.Cline@arnoldporter.com**
> Jocelyn A. Wiesner
> **Jocelyn.Wiesner@arnoldporter.com**
> Tommy Huynh
> **Tommy.Huynh@arnoldporter.com**
> Caleb Thompson
> **Caleb.Thompson@arnoldporter.com**

9

/s/ **Lauren A. Simpson**
Lauren A. Simpson
*Deputy Attorney General*

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
(334) 242-7300
Lauren.Simpson@AlabamaAG.gov

10