# Exhibit F

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFERY LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-00680-ECM |
| | ) | |
| JOHN Q. HAMM, | ) | |
| Commissioner, Alabama | ) | |
| Department of Corrections, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## FIRST SET OF RESQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants John Q. Hamm, Commissioner, Alabama Department of Corrections, and Terry Raybon, Warden of Holman Correctional Facility, respond to Plaintiff's First Request for Production of Documents as follows.

## NOTES AND INSTRUCTIONS

**NB:** Because Plaintiff's requests for production largely follow David Wilson's requests for production, and in the interest of expediency, the Bates numbering used in the Wilson production will be replicated here. **There are gaps in the Bates ranges.** These are due either to documents that were determined on final review to have been inappropriately tagged or to documents responsive to Wilson

RFP32, which asked for all documents, notes, and communications concerning David P. Wilson.

Documents produced are listed in the spreadsheet "RFP 1 – PRODUCED."

Documents withheld as privileged are listed in "RFP 1 – PRIVILEGE LOG."

Documents are Bates stamped in the bottom right-hand corner and labeled in the format "WILSON RFP 0000" or "WILSON RFP 000000."

Each document is labeled with the request(s) to which it responds in the production spreadsheet. For example, documents responsive to item (3) would be labeled with "RFP3" in the spreadsheet.

## GENERAL OBJECTIONS

1.      Defendants object to Plaintiff's First Request for Production, including the instructions and definitions, to the extent they purport to impose any obligations different from, or greater than, those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Alabama, or other orders of this Court.

2.      Defendants object to Plaintiff's First Request for Production, including the general instructions and definitions, to the extent it seeks to impose any meaning or interpretation onto the requests other than that evident from the plain and ordinary meaning of the words used therein.

2

3. Defendants further object to the definitions set out in Plaintiff's First Request for Production to the extent they conflict with or otherwise differ from the definitions provided in the Code of Alabama for the same or substantially similar terms.

4. Defendants generally object to Plaintiff's First Request for Production to the extent that it is unduly burdensome, overly broad, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendants generally object to Plaintiff's First Request for Production to the extent that it seeks documents or portions thereof in which the State or a third party has a vital security interest that outweighs any probative value such documents or portions thereof may have.

6. Defendants object to each of the requests to the extent they seek information or documents protected by the attorney-client privilege, the work product doctrine, the joint-defense privilege, or any other applicable privilege, exemption, or immunity. Defendants further object to each request to the extent that these requests require the communication of information concerning pre-decisional matters or information that could compromise ADOC security.

7. Defendants objects to each of the requests to the extent they seek to discover the mental impressions, conclusions, opinions, legal strategies, or legal theories of attorneys for the Defendants or non-attorney employees of the

3

Defendants working under the supervision of such attorneys. Such information is privileged as attorney work product. *See Hickman v. Taylor*, 329 U.S. 495 (1947). This privilege applies both to work produced by government attorneys in anticipation of litigation, *see, e.g.*, *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1262–63 (11th Cir. 2008); *Nadler v. U.S. Dep't of Justice*, 955 F.2d 1479, 1491–92 (11th Cir. 1992), and to the work product of a government staff member conducting an investigation, even if "not at the specific direction" of a government attorney, *Jeffers v. Russell Cty. Bd. of Educ.*, 3:06-cv-00685-CSC, 2007 WL 2903012, at *2 (M.D. Ala. Oct. 4, 2007); *see also Sterling Drug Inc. v. Harris*, 488 F. Supp. 1019, 1027 (S.D.N.Y. 1980) (holding that the privilege encompasses federal employees "working under the supervision of" an attorney).

8.      Defendants object to each of the requests to the extent they seek information not within the Defendants' possession, custody, or control, on grounds that such requests are overly broad and would subject Defendants to undue burden. Defendants further object to each of the requests to the extent that they are vague or ambiguous.

9.      Defendants object to each of the requests to the extent they seek information already in the possession, custody, or control of the Plaintiff, or otherwise equally available to the Plaintiff.

4

10.    Defendants object to each of the requests to the extent they seek information that is not relevant to any claim or defense presently before the Court and thus are not reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b).

11.    Defendants' discovery responses are made solely for the purpose of this action. By answering or otherwise responding to these discovery requests, Defendants do not concede the relevance or materiality of the information requested or the subject matter to which the request for production refers. Rather, the responses are made expressly subject to, and without in any way waiving or intending to waive any question or objection as to the competency, relevance, privilege, or admissibility as evidence, of any of the matters referred to in the responses. Such objections and grounds are expressly reserved and may be interposed at the time of trial/hearing.

12.    Defendants' discovery responses are based on information presently available and believed to be correct. The responses are made without prejudice to Defendants' right to rely upon other subsequently discovered documents and information. Any supplementation will be made only in accordance with the Federal Rules of Civil Procedure.

## **RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION**

1.   **All documents sufficient to show the (1) full name, (2) affiliation, (3) title, (4) relationship to the person who was executed, (5) contact information (including addresses and phone numbers), and (6) name of the person at whose execution he/she was present, of all persons who were present and participated or witnessed past Alabama nitrogen hypoxia executions by ADOC.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants are producing documents concerning witnesses and media witnesses for the Smith, Miller, Grayson, Frazier, Hunt, West, and Boyd nitrogen hypoxia executions. Please note that the victim witnesses in the Smith and Frazier executions requested that their information be kept confidential.

Defendants possess no documents setting forth the identities of all individuals who witnessed these executions on behalf of ADOC. Defendants will not produce information concerning the identities or contact information of members of the Execution Team, the IV Team, or other medical personnel as a security risk.

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

2.   **All permanent and ephemeral logs or other records kept by the execution team during each past Alabama nitrogen hypoxia execution, including logs and records officially required by the August 2023 Alabama Department of Corrections Execution Procedures ("Protocol") and any other records or logs that are created in relation to the execution for any reason.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants are producing the redacted execution logs, duty officer reports, and incident reports for the requested executions.

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

6

3.    **All printouts or data generated by an EKG monitor during each past Alabama nitrogen hypoxia execution.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants have no responsive documents.

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

4.    **All printouts or data generated by a pulse oximeter or any other monitoring device during each past Alabama nitrogen hypoxia execution.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants have no responsive documents.

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

5.    **All packaging and inserts for any masks, tubing, drugs, syringes, needles, heart monitors, pulse oximeters, IV bags, electrodes, and any other reusable, one-time use, or disposable items used as part of the nitrogen hypoxia process during each past Alabama nitrogen hypoxia execution.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants are producing manuals for the full-face supplied air respirator, the pulse oximeters, the electrocardiograph, the personal oxygen meters, and the wall-mounted oxygen sensors. **These documents (Bates range 224–396) are HIGHLY CONFIDENTIAL.**

Defendants object to producing packaging of medical equipment as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

7

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

**6.    All electronically stored information relating to each past Alabama nitrogen hypoxia execution, including but not limited to text messages, instant messages, emails, and voice recordings, including those created, received, and stored on personal devices of any ADOC employee or agent.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants are producing documents labeled "RFP6" in the production log.

Defendants object to producing text messages from ADOC employees' personal devices as overly broad and unduly burdensome; moreover, Defendants are not the custodian of record for employees' personal communication devices.

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

**7.    All time logs relating to the nitrogen hypoxia executions, generated during each past Alabama nitrogen hypoxia execution.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants are producing the redacted execution logs, duty officer reports, and incident reports for the requested executions.

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

8

8. **All documents and communications regarding the serial and model numbers for any and all medical devices used in each past Alabama nitrogen hypoxia execution, including, but not limited to, EKG monitors, heart monitors, pulse oximeters, and ultrasound scanners, along with any documentation of the service, maintenance, and calibration histories of the devices.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants are producing manuals for the full-face supplied air respirator, the pulse oximeters, the electrocardiograph, the personal oxygen meters, and the wall-mounted oxygen sensors. **These documents (Bates range 224–396) are HIGHLY CONFIDENTIAL.**

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

9. **All charts, reports, and notes taken by any employee or agent of ADOC during each past Alabama nitrogen hypoxia execution.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants are producing the redacted execution logs, duty officer reports, and incident reports for the requested executions.

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

10. **All photographs or videos taken in preparation of, during, or after each past Alabama nitrogen hypoxia execution.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants have no responsive documents.

9

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

**11.   All other communications by Defendants concerning each past Alabama nitrogen hypoxia execution, including but not limited to text messages, instant messages, emails, and voice recordings, including those created, received, and stored on Defendants' personal devices.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants are producing documents labeled "RFP11" in the production log.

Defendants object to producing text messages from ADOC employees' personal devices as overly broad and unduly burdensome; moreover, Defendants are not the custodian of record for employees' personal communication devices.

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

**12.   All documents and communications in past Alabama nitrogen hypoxia executions regarding preparations (*see* Protocol), including but not limited to any testing/performance of any atmosphere and O2 monitors, any inspection of nitrogen gas cylinders, any inventory of the equipment and supplies on hand, any communications with any spiritual advisor, any communications with any medical professionals, and any meetings involving the Warden, Assistant Warden, and the Execution Team.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants previously produced to Plaintiff the execution protocol.

Defendants are producing documents labeled "RFP12" in the production log.

Defendants object to the production of documents and communications related merely to scheduling as unduly burdensome.

10

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

13. **All documents and communications in past Alabama nitrogen hypoxia executions regarding preparations (seven days prior to the execution dates) (*see* Protocol), including but not limited to any meetings or communications between or amongst the Execution Team, the Warden and/or Assistant Warden, the Outside Security Team, local law enforcements, and/or any physicians.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants previously produced to Plaintiff the execution protocol.

Defendants are producing redacted sign-in sheets for Execution Team practices between November 9, 2023, and January 8, 2026. Because of the security risk inherent in disclosing the names of the Execution Team members, Defendants have redacted the list of signatures. Some signatures are legible, but many are not. Defendants instead list the number of signed-in participants at each practice. **These documents (Bates range 397–479) are HIGHLY CONFIDENTIAL.**

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

14. **All documents and communications in past Alabama nitrogen hypoxia executions regarding placement of the condemned individuals in the holding/observation cell (*see* Protocol).**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants previously produced to Plaintiff the execution protocol and a narrative description of the roles of the execution team members in the previous hypoxia executions.

Defendants are producing the execution logs for the nitrogen hypoxia executions.

11

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

15. **All documents and communications in past Alabama nitrogen hypoxia executions regarding the preliminary tasks performed to set up the equipment and prepare the site and the person being executed for the scheduled executions (*see* Protocol), including but not limited to any initializing, pressurizing, assessment, adjustments, performance, and/or changes to the nitrogen hypoxia system; any inspection of atmosphere monitors; retrieval and connection of the mask assembly to the breathing gas tube; escorting of the spiritual advisor to the waiting room; opening of the phone line regarding any stay of execution; preparation of the condemned person, including the removal of any eyewear, headpiece, or garment; and transport of witnesses into witness rooms.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants previously produced to Plaintiff the execution protocol and a narrative description of the roles of the execution team members in the previous hypoxia executions.

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

16. **All documents and communications in past Alabama nitrogen hypoxia executions regarding any inspections of the nitrogen hypoxia system, the breathing air lockout valve, the portable O2 meter, and the nitrogen gas lockout valve; the placement, securing, and monitoring of the pulse oximeter; the placement of the portable O2 meter and verification that breathing air is being supplied into the mask; the placement and verification of the mask on the condemned person's face; the condemned person's final statement; the final inspection of the mask; activation of the nitrogen hypoxia system; inspection and monitoring of the nitrogen gas being administered and EKG machine readings; and communications to the Execution Team Captain.**

Subject to and without waiver of any objections, Defendants state as follows:

12

Defendants have no responsive documents.

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

**17.** **All documents and communications in past Alabama nitrogen hypoxia executions regarding the post-execution procedures (*see* Protocol), including but not limited to notes and examinations from the physicians and coroner's office; verification procedures of the nitrogen gas lockout valve; directions to Execution Team members; removal of the mask from the condemned person's body; release of breathing air through the mask; deactivation/depressurization and securing of the nitrogen hypoxia system; notes and inspections of all lockout valves; unusual incidents that occurred during the execution; time of death; communications between personnel and the Critical Incident Debriefing Team; and all logs typed by the Assistant Warden's administrative assistant.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants previously produced to Plaintiff the execution protocol.

Defendants are producing the redacted execution logs, duty officer reports, and incident reports from the nitrogen hypoxia executions. Defendants are also producing copies of the Alabama Department of Forensic Sciences' autopsy reports for Kenneth Smith, Alan Miller, and Carey Grayson.

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

13

18.  **All documents and communications relating to any of the materials, substances, or equipment that have been, will or might be used before, during, or after any execution using nitrogen hypoxia, including but not limited to nitrogen gas, other gases, gas storage equipment, masks or other nitrogen delivery systems, nitrogen leak detection and monitoring equipment, execution chamber ventilation and air exchange, equipment to monitor the execution equipment and its functioning, and equipment to monitor the physical and mental state and status of the person being executed. This request includes, but is not limited to, any correspondence of the Alabama Department of Corrections ("ADOC") or any Alabama official about their implementation of the nitrogen hypoxia execution method, as well as any correspondence to other jurisdictions about their plans to implement a gassing execution.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants are producing manuals for the full-face supplied air respirator, the pulse oximeters, the electrocardiograph, the personal oxygen meters, and the wall-mounted oxygen sensors. **These documents (Bates range 224–396) are HIGHLY CONFIDENTIAL.**

Defendants object to the production of pre-decisional documents and communications.

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

14

19. **All documents and communications relating to any review, analysis, investigation, consideration, assessment, discussion, determination, evaluation or testing of any past, current or prospective nitrogen hypoxia execution; or relating to any materials, substances or equipment that will or might apply or be used in any execution using nitrogen hypoxia, including but not limited to testing nitrogen, other gases, gas storage equipment, masks or other nitrogen delivery systems, nitrogen leak detection and monitoring equipment, execution chamber ventilation and air exchange, equipment to monitor the execution equipment and its functioning, and equipment to monitor the physical and mental state and status of the person being executed.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants are producing manuals for the full-face supplied air respirator, the pulse oximeters, the electrocardiograph, the personal oxygen meters, and the wall-mounted oxygen sensors. **These documents (Bates range 224–396) are HIGHLY CONFIDENTIAL.**

Defendants object to the production of pre-decisional documents and communications.

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

20. **All documents and communications relating to the training provided to, required of, or received by any person for purposes of nitrogen hypoxia executions. This includes any training documents, logs, manuals, and other things related to nitrogen hypoxia training, and it applies to any employee, agent, or assign of ADOC or any contractor or agent of ADOC, who will or might have any role or involvement in any aspect or part of any execution using nitrogen hypoxia, including the preparation or testing of any materials, substances, or equipment to be used in any such execution and the results of such testing.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants are producing a copy of the safety presentations. **These documents (Bates range 498–533) are HIGHLY CONFIDENTIAL.**

15

Defendants are also producing redacted sign-in sheets for Execution Team practices between November 9, 2023, and January 8, 2026. Because of the security risk inherent in disclosing the names of the Execution Team members, Defendants have redacted the list of signatures. Some signatures are legible, but many are not. Defendants instead list the number of signed-in participants at each practice. **These documents (Bates range 397–479) are HIGHLY CONFIDENTIAL.**

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

**21.    All documents and communications relating to or that reflect evidence or that reflect or refer to any proposed or actual changes or modifications made to any physical space that will or might be used before, during or after any execution using nitrogen hypoxia, including but not limited to the execution chamber, the executioners' room, the execution viewing rooms, the execution holding cells, and the execution overflow room.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants have no responsive documents that are not pre-decisional. ADOC has not considered any major modifications to the execution chamber since the protocol was enacted in August 2023. The only modifications since that point have been minor or related to usual maintenance (e.g., repair work on the air conditioning unit, replaced light bulbs).

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

16

**22.** **All documents and communications relating to the vetting, selection, qualifications, training and assignments of members of the Execution Team that implement the Execution Protocol for nitrogen hypoxia, including but not limited to how team members are assigned to particular teams, who selects team members, the number of team members, the criteria used to select team members, the qualifications of team members to implement nitrogen hypoxia as an execution method, the evaluation of the adequacy of each team member's background, qualifications, and experience, the training necessary for team members to effectively perform their assigned tasks, the training provided or available to team members, and how and by whom team members' performance throughout the training is evaluated.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants are producing a copy of the safety presentations. **These documents (Bates range 498–533) are HIGHLY CONFIDENTIAL.**

Defendants are also producing redacted sign-in sheets for Execution Team practices between November 9, 2023, and January 8, 2026. Because of the security risk inherent in disclosing the names of the Execution Team members, Defendants have redacted the list of signatures. Some signatures are legible, but many are not. Defendants instead list the number of signed-in participants at each practice. **These documents (Bates range 397–479) are HIGHLY CONFIDENTIAL.**

Defendants object to the production of documents concerning the vetting, selection, qualifications, and assignment of members of the Execution Team as to relevance.

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

17

**23.    All documents and communications relating to the type, quantity, manufacture, procurement, and source of nitrogen and other gases, materials, substances, and equipment that has been used or might be used in any execution using nitrogen hypoxia, including but not limited to the grade of the gases used, their purity, whether or not they are medical grade, what the expiration date is for the gases, and under what conditions the gases have been kept and stored prior to any execution.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants are producing a redacted certificate of conformance produced in earlier nitrogen hypoxia litigation, which shows that the nitrogen used in executions is UHP grade.

Defendants object to the production of pre-decisional documents and communications.

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

**24.    All documents and communications relating to how nitrogen and other gases have been used and will be used in the nitrogen hypoxia process, including when the nitrogen or other gas will begin to flow to the individual being executed, how it will be introduced to the individual being executed, and for how long the nitrogen or other gas will flow to the individual being executed.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants have no responsive documents that are not pre-decisional other than the August 2023 protocol, which was previously disclosed to Plaintiff. Defendants object to the production of pre-decisional documents and communications.

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

18

**25.    All documents and communications concerning any alternative procedures that ADOC has considered for executing a condemned person (other than by nitrogen hypoxia), including but not limited to, all documents and communications concerning any assessment of the risks and benefits of each alternative procedure considered and concerning the reasons ADOC did not adopt each alternative procedure. This includes all documents and communications concerning any comparison of the risks and benefits of executing a condemned person by nitrogen hypoxia relative to any other method of execution.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants have no responsive documents that are not pre-decisional. Defendants object to the production of pre-decisional documents and communications.

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

**26.    All documents and communications relating to Defendants' or ADOC's possession of the means, ability to obtain the means, or efforts to obtain the means to conduct an execution by the alternative execution method pleaded by Plaintiff Jeffery Lee in his Eighth Amendment claim, specifically the firing squad and medical-aid-in-dying methods described in Plaintiff's First Amended Complaint.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants are producing several documents from the Anthony Boyd § 1983 execution litigation: Defendants' motion to dismiss, relevant portions of the hearing transcript, Defendants' post-hearing brief, and the memorandum opinion from the Middle District of Alabama.

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

19

**27.    All documents that Defendants or ADOC have produced to plaintiffs in other previous or ongoing nitrogen hypoxia litigation, including but not limited to the following cases [*Smith*, *Wilson*, *Miller*, *Grayson*, *Frazier*, *Boyd*, *Hunt*, and *West*].**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants will not disclose "[a]ll documents that Defendants or ADOC have produced to plaintiffs in other previous or ongoing nitrogen hypoxia litigation" under the doctrine of cloned discovery. "Generally, cloned discovery has not been compelled, even absent a showing of undue burden, unless the requesting party shows that *all the cloned discovery is relevant*." *Humana Inc. v. Teva Pharms. USA, Inc.*, 6:21-cv-00072, 2021 WL 8651837, at *1 (M.D. Fla. Oct. 19, 2021) (emphasis added). If there are particular documents Plaintiff seeks from these cases that are unavailable to him because they were filed under seal, then Plaintiff must seek leave from the Middle District of Alabama and/or the Eleventh Circuit Court of Appeals to have access to those sealed documents.

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

**28.    All sealed exhibits that Defendants submitted in the evidentiary hearings in each of the prior nitrogen gas litigations (as defined in Document Request No. 27). These may be designated confidential under the protective order.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants will not disclose "[a]ll sealed exhibits that Defendants submitted in the evidentiary hearings in each of the prior nitrogen gas litigations" under the doctrine of cloned discovery. "Generally, cloned discovery has not been compelled, even absent a showing of undue burden, unless the requesting party shows that *all the cloned discovery is relevant*." *Humana Inc. v. Teva Pharms. USA, Inc.*, 6:21-cv-00072, 2021 WL 8651837, at *1 (M.D. Fla. Oct. 19, 2021) (emphasis added). If there are particular documents Plaintiff seeks from these cases that are unavailable to him because they were filed under seal, then Plaintiff must seek leave from the Middle District of Alabama and/or the Eleventh Circuit Court of Appeals to have access to those sealed documents.

20

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

**29.    Autopsy reports of all individuals executed by the State of Alabama in past Alabama nitrogen hypoxia executions.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants are producing copies of the Alabama Department of Forensic Sciences' autopsy reports for Kenneth Smith, Alan Miller, and Carey Grayson.

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

**30.    All documents and communications relating to the training required of, provided to, or received by each and every member of the lethal injection IV Team, as defined on page 28 of the Protocol, since March 2018.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants object to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence—particularly as Plaintiff has opted not to be executed by lethal injection. Defendants also object to this request to the extent that it seeks the identities of members of the IV Team.

To the extent that Plaintiff is seeking confirmation that members of the IV Team would theoretically be qualified to administer MAID drugs, Defendants attest that one or more members has/have been trained in the insertion of nasogastric tubes.

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

21

**31.    All documents and communications relating to the education and/or professional credentials of every member of the lethal injection IV Team, as defined on page 28 of the Protocol, including but not limited to nursing credentials, medical credentials, and EMT certifications.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants object to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence— particularly as Plaintiff has opted not to be executed by lethal injection. Defendants also object to this request to the extent that it seeks the identities of members of the IV Team.

To the extent that Plaintiff is seeking confirmation that members of the IV Team would theoretically be qualified to administer MAID drugs, Defendants attests that one or more members has/have been trained in the insertion of nasogastric tubes.

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

**32.    Any and all press releases or other documents released to the media by Defendants, ADOC employees, the Alabama Attorney General, or the Alabama Governor regarding past nitrogen hypoxia executions.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants are producing documents labeled "RFP32" in the production log.

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

22

33. **All other documents and communications by Defendants or ADOC employees or agents concerning past Alabama nitrogen hypoxia executions not otherwise specified.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants have no responsive documents.

Defendants also object to this request as vague and overbroad.

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

34. **To the extent not covered above, all documents and communications on which Defendants intend to rely to defend against the First Amended Complaint.**

Subject to and without waiver of any objections, Defendants state as follows:

Defendants previously produced to Plaintiff a number of documents on which Defendants may rely, including scientific articles, hearing transcripts, and declarations.

Defendants also object to this request as vague and overbroad.

In the event that any additional responsive documents are obtained, Defendants will produce such documents if, and only if, such documents are not otherwise privileged, subject to an objection, or otherwise discoverable.

FOR DEFENDANTS:

Steve Marshall
*Alabama Attorney General*

*/s/ Lauren A. Simpson*
Lauren A. Simpson
*Deputy Attorney General*

23

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130
(334) 242-7300
February 23, 2026                   Lauren.Simpson@AlabamaAG.gov

24